UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

HAROLD H. ROWE, JR.,           )
                               )
            Plaintiff          )
                               )
v.                             ) Civil No. 07-91-B-W
                               )
NELSON RILEY,                  )
                               )
            Defendant          )

**RECOMMENDED DECISION DENYING
LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff, an inmate at the Maine State Prison, Warren, Maine, seeks leave to proceed *in forma pauperis*. Now he wants to sue Nelson Riley, the deputy warden at the Maine State Prison. Rowe wants the court to award him $12,500 because he was required to enter a shower where another inmate's blood remained on the floor. According to Rowe's complaint he stepped into the inmate's blood with his left foot. Deputy Warden Riley's complicity in these events is not spelled out in the complaint. This complaint is the third one filed by Rowe in the last week. As with the other two complaints the Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the institution and a ledger sheet indicating the account activity. The Certificate evidences that the applicant has Zero funds in his account as of July 2, 2007; that over the last six months the average deposits have been $8.34 and the average monthly balance has been $8.34. The Plaintiff would normally qualify for *in forma pauperis* status.

However, a prisoner with three *in forma pauperis* actions previously dismissed on the grounds that the lawsuit was frivolous, malicious, or failed to state a claim may not thereafter,

Dockets.Justia.com

absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g). Since 1988 Plaintiff has initiated seventeen lawsuits in this court, including possibly up to seven or more Petitions for Habeas Corpus. Disregarding the Section 2254 cases, at least three of the remaining cases have been dismissed by the court as either frivolous or failing to state a claim.[1]

Rowe may pursue any claim he wishes under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else, but § 1915(g) operates to prevent him from bringing this case *in forma pauperis*. Accordingly, I recommend that the Court **DENY** leave to proceed *in forma pauperis* and grant the Plaintiff 10 days to pay the filing fee, failing which, I recommend that the Court **DISMISS** the complaint. I also recommend that Rowe be put on notice that filing restrictions "may be in the offing" in this District, thus providing him with the cautionary order ala Cok v. Family Court of R.I., 985 F.2d 32, 35 (1st Cir. 1993); see also Martin v. Dist. D.C. Ct. Appeals, 501 U.S. 1 (1992); Deep v. Boies, __ F. Supp 2d __, 2006 WL 4595094 (D. Me. June 26, 2007).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1988) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

---

[1] These three cases include: 2:88-cv-00166-GC Rowe v. Struck, filed 06/02/88, closed 06/07/88; 1:01-cv-00134-GZS Rowe v. Trophani, Doctor, filed 07/06/01, closed 08/24/01; and 1:04-cv-00072-JAW Rowe v. Uffelman,, filed 04/30/04, closed 05/24/04. Additional Harold Rowe initiated cases include: 1:04-cv-00042-JAW Rowe v. Maine State Prison; 2:88-cv-00040 GC Rowe v. O'Farrell; 2:88-cv-00061 Rowe, et al v. Perkins; 2:88-cv-00062 Rowe v. Corrections; 2:88-cv-00204-GC Rowe v. Maine; 2:88-cv-00041-GC Rowe v. Corrections; 2:88-cv-00042-GC Rowe v. Corrections; 2:88-cv-00063-GC Rowe v. Beneman; 2:88-cv-00073-GC Rowe v. Rowe; 2:88-cv-00078-GC Rowe v. Corrections; 2:88-00079-GC Rowe v. Corrections; 2:88-cv- 00087-GC Rowe v. Corrections; 2:88-cv-90-GC Rowe v. Corrections; 2:88-cv-00103-GC Rowe v. Corrections.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


July 6, 2007           /s/ Margaret J. Kravchuk
                U.S. Magistrate Judge